In the Matter of the Accounting of BANKERS TRUST COMPANY, as Trustee under an Indenture of Trust with JOHN H. DWIGHT.

Supreme Court, Special Term, New York County, December 8, 1952.

*Ehrich, Stock, Leighton & Holland* for trustee, petitioner.

*Rose Rothenberg,* as guardian ad litem.

DICKSTEIN, J. Upon this application to settle the accounts of a trustee, the guardian ad litem has interposed an objection which presents one of the facets of a recurring problem in trust administration today. Due to increased income tax rates, trustees are being met with demands by life beneficiaries, who are in high income tax brackets, to invest in tax-exempt securities. In most cases such securities sell at a premium, with the result that upon maturity there is a loss in principal, even though the securities are redeemed at par. Such loss is visited upon the remaindermen of the trusts. It is unnecessary in the instant case to decide the broad questions of the liability of trustees under such circumstances, for here it is undisputed that the trustee, when informed of the high tax bracket in which the life beneficiary found herself, deliberately sold United States Savings Bonds, which it held as principal in the trust, at a loss to the estate, so that it could invest the proceeds in tax-free securities. The redemption of the United States bonds resulted in a loss of $3,290.70. I hold that the objection of the guardian to such loss is well taken and that the action of the trustee constituted an unwarranted subordination of the interests of the remaindermen to that of the life beneficiary. There was no power in the trustee to redeem the bonds at a loss for the sole purpose of effecting a higher net income for the life beneficiary. The trustee will, therefore, be surcharged the amount of the loss so sustained. The motion to settle the accounts is otherwise granted.

Settle order accordingly, making provision for an allowance to the guardian ad litem, the amount of which will be determined upon the settlement of the order.